

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-18-00103-CR

---

BRADLEY RAY SKIDMORE, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 1726017

---

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

After Bradley Ray Skidmore had pled nolo contendere to credit card or debit card abuse, had received deferred adjudication, and had been placed on two years' community supervision, his guilt was adjudicated, and he was sentenced to nine months' confinement in the county jail.[1]

Skidmore's appellate attorney has filed a brief setting out the procedural history of the case, summarizing the evidence elicited during the course of the trial court proceedings, and concluding that the appellate record presents no arguable grounds to be raised on appeal. Counsel has provided a professional evaluation of the record demonstrating why there are no plausible appellate issues to be advanced, and has thus complied with *Anders v. California. See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

Counsel sent a copy of the brief to Skidmore, provided him with a copy of the record, advised Skidmore of his right to review the record and file a pro se response, and advised him of the deadline to file his response. Skidmore has filed a response in which he maintains his innocence, alleges some omissions by his trial counsel, and alleges trial court error when placing him on community supervision. After reviewing the record, we find these points are without merit.

---

[1]Under the plea agreement, Skidmore's charges were reduced from a state jail felony to a Class A misdemeanor pursuant to Section 12.44(b) of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 12.44(b) (West 2011).

We have determined that this appeal is wholly frivolous. We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *Id.*

We affirm the trial court's judgment.[2]


Josh R. Morriss III
Chief Justice

Date Submitted:     December 6, 2018
Date Decided:       December 14, 2018

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.